HOWARD E. ROBEEN, ALSO KNOWN AS H. E. RABEEN, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

15 N. W. 2d 69

FILED JUNE 30, 1944.   No. 31800.

*William L. Walker*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *Carl H. Peterson, contra.*

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Plaintiff in error, hereinafter called defendant, was found guilty by a jury in the district court for Lancaster county, Nebraska, of feloniously uttering, publishing, and putting in circulation a forged, counterfeited, and altered railroad ticket. The trial court, after overruling defendant's motion for new trial, sentenced him to serve three years in the Nebraska state penitentiary. He prosecutes error to this court, contending that the trial court erroneously submitted the question of venue in its instructions to the jury; that the trial court erroneously admitted certain evidence; and that the verdict is not sustained by the evidence. We decide that the law and the facts do not sustain these contentions.

Decision upon the question of venue depends upon the application of well-established legal principles to new and unusual facts and circumstances. The defendant did not take the witness stand nor adduce any evidence in his own behalf. The uncontradicted evidence of the state discloses that defendant boarded a train at Kansas City, Kansas, a station where the Missouri Pacific Railway Company has no ticket agent. The conductor sold him a ticket to Lincoln, Nebraska, collecting therefor the sum of $4.10. Before the ticket was delivered to defendant the conductor wrote across the face of it, "Kansas City Ks to Lincoln Nebr Date issued 9-6-41 * * * $4.10" Both the original ticket and its attached counterpart, made out by the conductor at the same time, are in evidence. The attached counterpart was detached from the original at the time of its delivery to defendant. It was retained by the conductor who sent it to the auditor of passage receipts. Between Kansas City, Kansas, and Union, Nebraska, and while in defendant's possession, the original ticket was unquestionably altered and changed, without authority, so that it read, "Kansas City Ks to Billings Mont Date issued 9-6-41 * * * $21.10" Defendant changed trains at Union to travel to Lincoln, Nebraska. Between Union and Nehawka, in Cass county, he presented this altered and changed ticket to the conductor, who at the trial identified not only the defend-

ant but also the ticket presented by him. The ticket bears upon its face the conductor's punch marks which are each distinguishable from all others. The conductor noticed that the ticket was not in the usual form because of its failure to designate inter-line passage over the Burlington railroad from Lincoln, Nebraska, to Billings, Montana. He questioned defendant about this, and the latter said, "he didn't know, that was the way it was issued to him, given to him. * * * He said (by) the conductor on the train out of Kansas City." The conductor was not entirely satisfied with the ticket but since the fare recited was approximately correct he concluded that perhaps it was so issued by an inexperienced conductor. He told defendant that he would keep the ticket and upon arrival in Lincoln defendant should go to the station, wait for him, and they would make inquiry of the agent about it. Upon arrival in Lincoln the conductor, after completing his duties, went to the ticket office. There the conductor and the agent, in defendant's presence, talked over the authenticity of the ticket and what should be done under the circumstances. The agent endeavored by telephone to verify the ticket but was unable to contact the company's general agent. Finally the conductor requested that the agent issue to defendant a new ticket over the Burlington railroad from Lincoln, Nebraska, to Billings, Montana. The agent thereupon issued to defendant a genuine ticket which he accepted and took into his possession in exchange for the original altered and changed ticket which the company retained. The conductor then wrote defendant's name and address, given by him as "H. E. Robeen Box 173 Joliet Mont", on the back of the original ticket, and took defendant with him in his car from the Missouri Pacific to the Burlington depot that defendant might catch his train.

The statute, Comp. St. 1929, sec. 28-611, as applicable here, provides, in substance, that whoever, having in his possession, shall knowingly utter, publish, or put in circulation any forged, counterfeited, altered, or changed railroad ticket with the intent to defraud any person or per-

sons, body politic or corporate, shall be imprisoned in the penitentiary not more than ten years. In this connection, the rule is that to utter and publish a forged, counterfeited, altered, or changed instrument is to offer to pass it to another with intent to defraud, declaring or asserting, directly or indirectly, by words or actions that it is good. *Smith v. State*, 20 Neb. 284, 29 N. W. 923; *Folden v. State*, 13 Neb. 328, 14 N. W. 412. To "put in circulation" such an instrument within the meaning of section 28-611, Comp. St. 1929, is to pass it or cause it to be passed to another with intent to defraud.

Venue is a jurisdictional fact and in this state the Constitution, art. I, sec. 11, and statute, Comp. St. 1929, sec. 29-1301, give the defendant in a criminal prosecution the right to be tried by an impartial jury in the county where the alleged offense was committed. However, it is generally held that where a person in one county procures the commission of a crime in another through the agency of an innocent person, he is a principal and subject to prosecution in the county where the acts were done by the agent, without reference to the whereabouts of the principal. 22 C. J. S. 288, sec. 185-o; 16 C. J. 200; *Harrell v. State*, 79 Fla. 220, 83 So. 922; *Lindsey v. State;* 38 Ohio St. 507; *Girdley v. State*, 161 Tenn. 177, 29 S. W. 2d 255; *State v. Robinson*, 71 N. Dak. 463, 2 N. W. 2d 183; *The People v. Rathbun*, 21 Wend. (N. Y.) 509.

Defendant in the case at bar comes squarely within these rules. He not only procured the commission of a crime through the agency of an innocent person who acted for him in Lancaster county, but also, by being present himself, taking part in the transaction, and accepting a genuine ticket in lieu of the altered original, he thereby both directly and indirectly by the words and acts of the innocent agent and his own actions and conduct, asserted and declared that the altered instrument was good, and not only offered to but did pass it to another with the intent to defraud in Lancaster county, Nebraska. Whether defendant committed an offense in Cass county we need not here de-

cide. In any event, the crime charged was unquestionably committed by him in Lancaster county.

Defendant complains of certain instructions given by the trial court, but upon examination of all the instructions given we find that they properly presented the questions involved to the jury for their determination, and it would serve no good purpose to quote from or enter into a detailed discussion of them.

Defendant also complains that certain evidence calculated to present an admission of guilt by defendant was improperly admitted. In this connection, the record discloses that objection was made to only a part of it, but upon motion of counsel for defendant all of the objectionable evidence was promptly stricken from the record and the jury were instructed by the trial court to disregard all of such testimony. The applicable rule is that ordinarily the prompt withdrawal of improper evidence by the trial court, followed by an instruction that the jury give it no consideration, cures the error of its admission. *Ambrose v. State,* 111 Neb. 606, 197 N. W. 409; *Robinson v. State,* 71 Neb. 142, 98 N. W. 694; *McCormick v. State,* 66 Neb. 337, 92 N. W. 606; *Dinsmore v. State,* 61 Neb. 418, 85 N. W. 445.

We find that the verdict is amply sustained by the evidence, and, no error prejudicial to defendant appearing in the record, the judgment is hereby affirmed.

AFFIRMED.