Argued June 11, affirmed September 5, 1968

# STATE OF OREGON, *Respondent, v.*
# GIRARD LANGIS, *Appellant.*

444 P. 2d 959

*Larry O. Gildea,* Eugene, argued the cause for appellant. With him on the briefs were Wylie, Gildea & Speer, Eugene.

*Stephen A. Hutchinson,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was John B. Leahy, District Attorney, Eugene.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

DENECKE, J.

The defendant was convicted of larceny of a motor vehicle. He appeals, contending that the court improperly instructed the jury.

The defendant and one Richard Carrier were traveling from Vancouver, B. C., to San Francisco and had gone as far as Eugene by bus and hitchhiking. The car was taken in Eugene. The State Police stopped the car south of Eugene and north of Roseburg, Oregon. Roseburg is the next principal city south of Eugene on the interstate freeway. They are 70 miles apart. Carrier testified that he actually took the car in Eugene and was driving at the time of apprehension. (This testimony was verified by the officer.) Carrier testified that he intended to leave the car in Roseburg in "perfect condition."

In order to prove larceny there must be proof that the defendant had "* * * the intent to deprive such other of such property permanently * * *." ORS 164.310.

At the prosecution's request the trial court instructed the jury as follows:

"You are further instructed that if you find that the defendant took the automobile with the intent

to appropriate it to his own use and with intent to abandon later the automobile in such circumstances as would render its recovery by the owner difficult or unlikely, then you may find that the taking was with the intent to permanently deprive the owner of the property."

The defendant excepted to the instruction upon the ground that there was no evidence of an intent to abandon in circumstances that would render recovery by the owner difficult or unlikely, and even if there were, such intent does not amount to an intent to deprive the owner of the property permanently.

■ There was evidence from which the jury could have found that the defendant intended to abandon the vehicle under circumstances that would render recovery difficult or unlikely. The defendant's witness, Carrier, said they were going to abandon the car in Roseburg. However, in view of the evidence that their destination was San Francisco, about 500 miles to the south, the jury reasonably could have believed that defendant intended to abandon it in San Francisco.

■ The substance of the instruction is also correct. Intent to deprive the owner of the property permanently can be inferred from abandonment under certain circumstances:

"* * * An intent to take the property of another by trespass, use it for a temporary purpose and then abandon it, *may* be an intent to steal. An intent of the latter type is not an intent to steal if the intended abandonment is under such circumstances that the property will in all probability be restored to the owner; but it is an intent to steal if the intended abandonment will create a considerable risk of permanent loss to the owner. To take a horse from the owner's pasture on a farm, ride it a mile or two, and then turn it loose does not create any considerable risk of permanent loss to the owner; but

such risk is created if a traveler, caught in an unexpected rain, takes an umbrella in one city and abandons it in another city some miles away. * * *." Perkins, Criminal Law, 225 (1957).

■ The crux of the instruction is the phrase that the circumstances of the abandonment make recovery "difficult or unlikely." "Unlikely" accurately describes the concept that the circumstances of the abandonment are such that there is considerable risk that the owner will suffer a permanent deprivation of his property. "Difficult" is not as accurate in describing this concept and we do not encourage its use. Nevertheless, we conclude that its use in this context was not error. It is true that there is some degree of difficulty in recovering any car that has been abandoned any appreciable distance from the location of the owner; however, we find that the jury could reasonably have understood that "difficult" means so arduous that the chances were substantial that the owner would be permanently deprived of his property.

Affirmed.