STATE OF NEBRASKA, APPELLEE, V. RONALD EUGENE WARNER, APPELLANT.

190 N. W. 2d 786

Filed October 15, 1971. No. 37801.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant appeals from convictions for burglary and auto theft. His principal assignments of error relate to the sufficiency of the evidence to sustain the convictions on each charge.

There was evidence from which the jury could find that the office of the Delight Wholesale Company in Omaha, Nebraska, was burglarized at about 2 a.m., on September 1, 1969, and a safe carried away in a 1959 pickup truck stolen from Dwight Godden. The office was equipped with a security alarm which resulted in the police being notified promptly of the break-in.

At 2:17 a.m., a police officer observed the Godden truck traveling north on Thirty-third Street near Lake Street with its headlights turned off and the safe in the back of the truck. The truck was found parked in front of 3224 Willis Avenue a few minutes later. As the police approached, the defendant ran from the left side of the truck. The defendant was then apprehended and taken to the police station.

The truck had been "hot wired" so that it could be operated without an ignition key. A guitar that had been taken from the office of the Delight Wholesale Company was found in the back of the truck, and a pry bar was lying on the right running board. The pry bar fitted into the marks that had been made where the door at the Delight Wholesale Company had been forced.

The evidence which has been summarized, although circumstantial, was sufficient for the jury to find that the defendant had participated in the theft of the Godden truck and the burglary at the Delight Wholesale Company. It is not the province of this court to pass on the credibility of witnesses or weigh the evidence in a criminal case.

The circumstances indicate that the truck was stolen

for the purpose of transporting the safe which was interrupted when the police happened to see the truck with the safe at Thirty-third and Lake Streets. There is nothing in the record to suggest there was any intention to return the truck to its owner. The possibility that the truck might be abandoned after it was no longer needed to haul the safe would not be a defense to the charge of auto theft. See, Sizemore v. State, 5 Md. App. 507, 248 A. 2d 417; State v. Langis, 251 Ore. 130, 444 P. 2d 959; State v. Fairbanks, 140 Mont. 243, 370 P. 2d 497; Crouse v. State, 229 Miss. 15, 89 So. 2d 919.

The office of the Delight Wholesale Company was located in a trailer. The interior, which was 12 feet by 60 feet, had been divided into three offices and a cashier's cage. A fiber glass skirt had been placed around the base of the trailer, and wrought iron stairs erected at the entrance. The trailer was wired for electricity and equipped with a burglar alarm.

The fact that the office was located in a trailer was of no importance under the circumstances in this case. The jury could find that the trailer was in fact a building. Furthermore, section 28-532, R. R. S. 1943, specifically provides that an "office" may be the subject of a burglary.

There was no request for an instruction as to any lesser included offense. In the absence of a request, the trial court is not required to instruct in regard to lesser included offenses. State v. Caha, 184 Neb. 70, 165 N. W. 2d 362.

The judgment of the district court is affirmed.

AFFIRMED.