STATE OF NEBRASKA, APPELLEE, v. BENJAMIN RAYMOND CRAIG, APPELLANT.

203 N. W. 2d 158

Filed January 5, 1973. No. 38551.

John McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

Defendant was convicted of statutory rape. He assigns as error the admission of evidence of another crime, the failure to grant a continuance, the refusal to permit the jury to view the scene of the offense, and that the court erred in submitting the sufficiency of the evidence to the jury. We affirm the judgment of the district court.

Evidence was introduced of a statement, attributed to defendant in explanation of blood spots on his jeans, to the effect that he had earlier had sexual intercourse with another girl. The statutes of Nebraska do not make it a criminal offense for unmarried persons who have attained the age of 18 years to indulge in sexual intercourse. It is apparent that this assignment is without foundation.

A witness erroneously testified that the defendant's jeans had been sent to the F.B.I. and not returned. At the conclusion of the State's case, defendant moved for a continuance and requested that the State be required to produce the defendant's jeans. The trousers were produced prior to the conclusion of the trial, were examined, identified, and introduced as evidence by the defendant. A motion for continuance is addressed to the sound discretion of the court, and, in the absence of an abuse of discretion, its denial is not error. See State v. Martinez, 181 Neb. 392, 148 N. W. 2d 841. Under the circumstances presented, we are unable to perceive the slightest degree of prejudice to defendant.

After the jury had retired, it requested permission to view the scene of the crime. The request was denied. Neither party had requested that the jury be permitted to view the premises and, in consequence, it must be assumed that such viewing was not considered material or essential to defendant's defense. There was some

disagreement as to the location of certain shrubs and the view afforded of a portion of the premises where defendant asserted he was at the time of the offense. However, the evidence of defendant's guilt was quite conclusive and the jury could not have been misled by the defendant's statement that he was elsewhere. There was no prejudice. In the absence of an abuse of discretion, it is entirely within the discretion of the trial court to order, or refuse to permit, the jury to inspect the scene of the alleged crime. See, § 29-2017, R. R. S. 1943; Fouse v. State, 83 Neb. 258, 119 N. W. 478.

In another assignment of error, defendant asserts that the court erred in submitting the sufficiency of the evidence to the jury, which was raised in the trial court by defendant's motion for dismissal at the close of the State's case, in effect a motion for a directed verdict. We will not attempt to set out the evidence in detail. Suffice it to say that at the conclusion of the State's case-in-chief the undisputed evidence showed the site of the offense, that the defendant was in the area of the crime at the time it occurred, the ages of the parties, positive identification of him as the offender by the complaining witness, definite medical evidence that she had had sexual intercourse, and an immediate complaint by the girl to her brother that she had been raped. The evidence was certainly ample to warrant the overruling of the motion. "It is only when there is a total want of proof to support a material allegation of the information, or where the testimony in a criminal case is of so weak or doubtful character that a conviction based thereon cannot be sustained, that a court will be justified in directing a verdict of not guilty." State v. Edmonds, 182 Neb. 140, 153 N. W. 2d 364.

No error appearing, the judgment of the district court is affirmed.

AFFIRMED.