STATE OF NEBRASKA, APPELLEE, v. THOMAS HENRY MAXWELL, APPELLANT.

229 N. W. 2d 195

Filed May 22, 1975. No. 39618.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

The defendant was convicted of burglary. He assigns as error the denial of a continuance, refusal of an orally requested instruction, and the overruling of a motion for a directed verdict. We affirm the judgment of the District Court.

As the jury was about to be impaneled the State was permitted to endorse the name of a handwriting expert on the information. The court assured the defendant that his attorney would have an opportunity before commencement of the trial, but after the jury was impaneled, to question the new witness. "A motion for continuance is addressed to the sound discretion of the court, and, in the absence of an abuse of discretion, its denial is not error." State v. Craig, 189 Neb. 461, 203 N. W. 2d 158. The new witness identified the signature on a pawnshop card as that of the defendant. That the signature was his was admitted by the defendant. It is evident the court did not abuse its discretion and that the defendant was not prejudiced.

At the conclusion of the trial the defendant orally requested that an instruction be given on the crime of receiving stolen property. Whether or not this is an included offense need not be determined. A review of the record discloses that there never was definite identification of any of the property taken in the burglary and the defendant denied he was guilty of receiving stolen property. Neither the information nor the evidence sustained such an instruction. Section 25-1111, R. R. S. 1943, requires that requested instructions must be submitted in writing. This was not done. It is not proper to give an instruction on a lesser offense unless such an instruction is applicable and authorized by the evidence. See Olney v. State, 169 Neb. 717, 100 N. W. 2d 838. In the absence of a proper request, the trial court is not required to instruct in regard to lesser included offenses. See State v. Warner, 187 Neb. 335, 190 N. W. 2d 786.

Defendant argues that the evidence is insufficient to

sustain the verdict and that a verdict of acquittal should have been directed.  The defendant was observed at the scene of the burglary removing some of the property stolen; he was identified as the individual so observed; he later pawned an article of the type taken; and an automobile hubcap similar to those on defendant's car was found at the scene.  The evidence also revealed that a window in the building in question had been broken. The evidence is sufficient to sustain the defendant's conviction.  It is only when there is a total want of proof to support a material allegation of the information, or where the testimony in a criminal case is of so weak or doubtful a character that a conviction based thereon cannot be sustained, that a court will be justified in directing a verdict of not guilty.  See State v. Edmonds, 182 Neb. 140, 153 N. W. 2d 364.

The judgment of the District Court is affirmed.

AFFIRMED.

BRODKEY, J., not participating.