STATE OF NEBRASKA, APPELLEE, v. LARRY E. BELL, APPELLANT.

233 N. W. 2d 920

Filed October 23, 1975. No. 39943.

Quintin S. Hughes, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

NEWTON, J.

Defendant was convicted of robbery. The evidence shows that he entered a filling station, picked up the cash register when the attendant's back was turned, and made off with it. He was pursued by the attendant, threw the cash register in an automobile driven by a companion, and leaped in. The pursuing attendant tried to get the cash register by reaching through an open window, was struck and pushed by the defendant, and finally fell from the moving car.

Defendant assigns as error the failure of the court to

instruct on the lesser included offense of larceny from the person and the refusal to direct a verdict because the taking was not accomplished with force, violence, or putting in fear. We affirm the judgment of the District Court.

There was no request for an instruction on a lesser included offense. This assignment must fail. "In the absence of a proper request, the trial court is not required to instruct in regard to lesser included offenses." State v. Maxwell, 193 Neb. 807, 229 N. W. 2d 195. See, also, State v. Warner, 187 Neb. 335, 190 N. W. 2d 786.

The second assignment of error presents a proposition on which the authorities are divided. We have said, in regard to larceny: " 'Any removal of the property, after the same is under the *complete control of the taker*, from the spot where found, with the requisite intent of the taker to steal, is a sufficient asportation * * *.' " (Emphasis, supplied.) Daugherty v. State, 154 Neb. 376, 48 N. W. 2d 76. The precise point presented in connection with robbery has not previously been presented in this jurisdiction. The primary question would appear to be in regard to when the taking had been accomplished or completed. Can it be said that "the taking" is no longer in process when a struggle is in progress for possession of the stolen property? Or is the struggle for possession an essential part of the taking? Here the defendant was intercepted before he could make good his escape with the stolen property. Until he did escape with it, although there was a taking, it was not completed.

In People v. Kennedy, 10 Ill. App. 3d 519, 294 N. E. 2d 788, defendant removed money from the safe in a filling station; the attendant attempted to recover the money and was assaulted. It was held to be robbery and the court stated: "The record is clear that force was used to complete the taking of the money from the possession and custody of its custodian, and was a means used to accomplish such taking. * * * while the taking

may be without force, the offense is robbery if the departure with the property is accomplished by the use of force."

In People v. Anderson, 64 Cal. 2d 633, 51 Cal. Rptr. 238, 414 P. 2d 366, it was held: "In this state, it is settled that a robbery is not completed at the moment the robber obtains possession of the stolen property and that the crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property. * * *

"Accordingly, if one who has stolen property from the person of another uses force or fear in removing, or attempting to remove, the property from the owner's immediate presence, as defendant did here, the crime of robbery has been committed." See, also, People v. Sanders, 28 Mich. App. 274, 184 N. W. 2d 269; Durham v. Commonwealth, 214 Va. 166, 198 S. E. 2d 603.

We conclude that the record does show the use of force during the taking of the cash register and the judgment of the District Court is correct.

AFFIRMED.

CLINTON, J., concurs in the result.

McCOWN, J., dissenting.

Some important factual elements are not fully reflected in the majority opinion. The defendant took the cash register from the service station salesroom when no one else was in the room. At that time the service station attendant was some 50 feet away in a service bay installing a battery in a car. The defendant carried the small cash register out of the service station, across the property, and into a driveway behind and off the service station property where he placed it in a car, and got in himself. The service station attendant saw the defendant leaving with the cash register, pursued him, but did not catch up until after the defendant and the cash register were already in the car. The station attendant attempted to get the cash register back and it was at

that point in attempting to keep the cash register and also escape that force and violence was used by the defendant.

2 Wharton's Criminal Law and Procedure, § 559, p. 264, provides: "When the defendant is able to take possession of the property without the use of force or fear but then employs force or fear in order to keep the property or to effect his escape, it is generally held that his offense is not robbery."

The general distinction between robbery and larceny is in whether the taking is by the use of fear and violence. In general the force and violence must be present at the time of the taking in order to constitute robbery. Force and violence used to keep the property or effect an escape does not generally sustain a charge of robbery. The decisions in many cases seem to be in confusion because of uncertainty as to when a taking is complete. See Annotation, 58 A. L. R. 656.

In Daughtery v. State, 154 Neb. 376, 48 N. W. 2d 76, this court, in a case of larceny, said: " 'Any removal of the property after the same is under the complete control of the taker, from the spot where found, with the requisite intent of the taker to steal, is a sufficient asportation * * *.' "

On the facts here the cash register was taken by the defendant without force or violence and was removed by the defendant from the building and taken entirely off the premises. At that time larceny was complete and the defendant had obtained possession and control of the stolen cash register. The force and violence used by the defendant to prevent the station attendant from retaking possession or interfering with the escape constituted a separate and distinct crime of assault, but it did not convert the original larceny into a robbery simply because violence was used in effecting an escape.

It is undisputed that larceny is a lesser included offense in the crime of robbery and it is equally clear that the defendant could have been charged with larceny and

a separate count of assault. The defendant would have been entitled to an instruction here that larceny is a lesser included offense in the crime of robbery had he asked for it. The fact that he failed to ask for it did not convert the larceny and assault into a robbery, nor make the evidence sufficient to sustain the conviction for robbery.