STATE OF NEBRASKA, APPELLEE, v. JAMES S. HEGWOOD, APPELLANT.

275 N. W. 2d 605

Filed February 20, 1979. No. 42028.

Thomas M. Kenney, Douglas County Public Defender, Stanley A. Krieger, and Daniel K. Powers, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, J.

This is an appeal from a conviction for the offense of robbery. The defendant was sentenced to a term of from 6 to 10 years in the Nebraska Penal and Correctional Complex. The defendant appeals.

The defendant alleges the trial court committed reversible error in failing to instruct the jury on the lesser-included offense of larceny from the person and/or petit larceny. We reverse and remand for a new trial.

The State's version of the case is that on November 2, 1977, defendant and another individual came to the victim's home. The defendant, who is a neighbor of the victim, allegedly wished to repay him $2 that the victim had lent the defendant earlier. When the victim opened his door, the defendant grabbed him around the neck and forced him back into the house, throwing him on the floor. The defendant and the other individual made him lay against a wall and proceeded to remove some items and money from his home. The victim identified the defendant and heard his voice during the robbery,

The defendant's version, given in his testimony, was that he indeed went to the home with his friend to pay back the $2. When the victim opened the door, the defendant was suddenly pushed into the house and blindfolded, presumably by his friend. He stated that somehow he became aware of the presence of a third individual he was able to identify only by the name of John. The defendant denied he went to the home with the intention of robbing the victim or that he was aware of any intention on behalf of his friend and the third party John to rob the victim. He

stated that after he had ascertained that the friend and John had left the victim's home, he removed the blindfold, observed the victim on the floor, and saw a shotgun in the corner belonging to the victim and left the home with the shotgun. He was seen by a neighbor and apprehended by the police.

The following proceedings took place at trial in chambers. "THE COURT: Just let the record show that we're having a conference on the proposed instructions, and the State has no objections or any requests or any additions or any deletions. And I think Mr. Powers (defense counsel) has several requests in regard to the instructions.

"MR. POWERS: Yes, I would request that an instruction be given on 28-505, that is, larceny from a person and/or, in the alternative, an instruction be given on petit larceny.

"THE COURT: The court's going to deny both requests, and I want the record to show what my reasoning is. The evidence is clear from this case that a robbery took place, and that's taking all the testimony both from the State and the defendant himself; that the money or property was taken from the victim; and that force was used in the taking of the property.

"The request comes on the basis of the defendant's testimony that he was not a part of that act; and then, after the crime had been completed, that he was in a separate room, that he was blindfolded and had no part in that crime; that he, as an afterthought after that transaction was completed, took a shotgun. There was no evidence in the record as to the value of the shotgun, since the charge by the State was that of robbery and not larceny from a person or petit larceny or grand larceny; that if these facts were known to the State — and there's nothing in the record to show that these facts were ever known — perhaps a separate crime of larceny

from the person or grand larceny or petit larceny could have been filed.

"It's the Court's position that the defendant is either guilty or not guilty of the charge of robbery; and that his admission of taking the shotgun constitutes a separate crime, which is not a lesser-included crime; and the giving of extra instructions would only tend to confuse the jury as to his guilt or innocence of the robbery. Anything further?"

The State concedes that our recent case of State v. Tamburano, 201 Neb. 703, 271 N. W. 2d 472, controls here. We said in that case, quoting the Minnesota Supreme Court: " 'The test which must be applied in determining whether or not to submit a lesser-included offense is whether there is evidence which produces a rational basis for a verdict acquitting defendant of the offense charged and convicting him of the lesser offense.' " Under that test, refusal of the instruction requested here was clearly erroneous.

The State seeks to sustain this conviction on the basis of section 25-1111, R. R. S. 1943, which states: " * * * and either party may request instructions to the jury on points of law, which shall be given or refused by the court. All instructions asked shall be in writing." The State cites State v. Bell, 194 Neb. 554, 233 N. W. 2d 920, for the proposition that the refusal to give a requested instruction shall never constitute grounds for reversal unless the request had been submitted to the trial court in writing. The case does not so hold. In that case there was no request for an instruction at all.

The State further cites State v. Maxwell, 193 Neb. 807, 229 N. W. 2d 195, for the same proposition. The charge in that case was burglary. The defendant complained in this court of the failure of the trial court to give an instruction, requested orally, on the crime of receiving stolen property. This court affirmed for the reason that "Neither the information nor the evidence sustained such an instruction."

There was no identification of the property taken in the burglary and the defendant denied he had received any stolen property. Unlike the case at bar, there was thus no factual basis on which the charge could have been submitted. Language in the opinion which might be understood to require that requests for instructions should, in every case, be submitted in writing was clearly dicta.

This court, in a rule adopted at the time of the publication of Nebraska Pattern Jury Instructions, urged the trial judges of this state to hold instruction conferences at which requests for instructions are made to the court. The trial court in this case knew exactly what defense counsel was requesting and denied the request on the trial court's understanding of the law. To have required, in addition to this presentation directly to the trial court, that the refused instruction be reduced to writing would be a meaningless triumph of form over substance. We do not so hold. The defendant made a proper request to the court for a lesser-included offense instruction. The instruction was warranted. The trial court refused to do so. This was error and requires reversal.

REVERSED AND REMANDED FOR
NEW TRIAL.