STATE OF NEBRASKA, APPELLEE, v. WILLIAM F. EBERT, APPELLANT.

324 N.W.2d 812

Filed October 1, 1982. No. 81-917.

Dennis R. Keefe, Lancaster County Public Defender, and Richard L. Goos, Special Deputy Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Shanler D. Cronk, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

Defendant Ebert was charged under the provisions of Neb. Rev. Stat. § 28-603 (Reissue 1979) with forgery, second degree, found guilty by a jury, and sentenced to a term of not less than 18 months' nor more than 4 years' imprisonment. He has appealed to this court and makes the following assignments of error: (1) The court erred in denying his request for an instruction that he could be found guilty of the lesser-included offense of criminal possession of a forged instrument under the provisions of Neb. Rev. Stat. § 28-604 (Reissue 1979). (2) The sentence is excessive. We affirm.

Section 28-603(1) provides: "Whoever, with intent to deceive or harm, falsely makes, completes, endorses, alters, or utters any written instrument which is or purports to be, or which is calculated to become or to represent if completed, a written instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status, commits forgery in the second degree." The balance of the section defines the crime as a Class III or IV felony or Class I misdemeanor, depending upon the face value of the instrument or the amount of the proceeds.

Section 28-604(1) provides: "Whoever, with knowledge that it is forged and with intent to deceive or harm, possesses any forged instrument covered

by section 28-602 or 28-603 commits criminal possession of a forged instrument.''

The State introduced evidence which would permit the jury to find that on March 17, 1981, defendant uttered a forged check in the amount of $155, purportedly made by Clark A. Wilcox and payable to Rick Sipes, by presenting the check to the City Bank & Trust Company of Lincoln for cashing.

The defendant testified that on March 17 he and an acquaintance, Leroy Kilburn, drove together to a branch of the City Bank because Kilburn wanted to cash a check. When the two reached the bank drive-in facility, Kilburn handed defendant the check ''folded in half'' along with what ''felt'' to the defendant like instruments of identification. The defendant testified that when he presented the check and identification to the teller, Kilburn was out of sight because he had dropped his cigarette lighter on the floor of the car and was reaching for it. The substance of the defendant's testimony and defense is that he was unaware that the check was forged, that he had not seen it or the instruments of identification, and that in presenting the check for cashing he was the innocent and unwitting agent of Kilburn.

Other evidence indicated that two blank checks had been stolen from Wilcox and that the defendant had had an opportunity to steal them. The court received additional evidence of the defendant's guilt which does not affect the issues assigned as error.

The State first argues that possession of the instrument is not an element of the crime of forgery or uttering a forged instrument and that, therefore, the criminal possession of a forged instrument is not a lesser-included offense of the crime of forgery as defined by § 28-603. To utter a forged instrument is to offer to pass it to another with the intent to deceive or harm by declaring or asserting, directly or indirectly, by words or actions that the instrument is

genuine. *Robeen v. State,* 144 Neb. 910, 15 N.W.2d 69 (1944); *Crawford v. State,* 164 Neb. 231, 82 N.W.2d 1 (1957). It would appear under the foregoing definition that it would be possible to "offer" the forged instrument by words without, at the time, having possession of it. In such a case, criminal possession would not be a lesser-included offense, for we have recently held: " 'To be a lesser included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser.' . . . To determine whether one statutory offense is a lesser-included offense of the greater, we look to the elements of the crime and not to the facts of the case." *State v. Lovelace, ante* p. 356, 359-60, 322 N.W.2d 673, 675 (1982).

However, we need not in this case decide that abstract proposition. As indicated by our previous summary of the evidence, if the defendant delivered the instrument to the bank with knowledge that the instrument was forged and with intent to deceive or harm, then he was guilty of the crime of forgery in the second degree. If, on the other hand, he was Kilburn's innocent dupe, he was guilty of no crime at all. The applicable principle is: "Where a criminal defendant requests a jury instruction on a lesser-included offense and presents evidence which, if believed, would provide a rational basis for acquitting the defendant of the offense charged and convicting him of the lesser offense, the requested instruction must be given." (Syllabus of the court.) *State v. Hegwood,* 202 Neb. 379, 275 N.W.2d 605 (1979). Under the defendant's version of the facts, no basis existed for convicting him of criminal possession of a forged instrument because, under that version, he had neither the requisite intention nor knowledge. The court did not err in refusing to give the requested instruction, for the evidence offered no

rational basis for convicting defendant of the "lesser-included" offense.

The defendant has one prior felony conviction for burglary for which he was incarcerated. Earlier he served a term of 18 months' probation for receipt of stolen property. He has numerous misdemeanor convictions for such offenses as theft and assault. In light of the defendant's record the sentence is not excessive.

AFFIRMED.

BOSLAUGH and HASTINGS, JJ., concur in the result.

CLINTON, J., participating on briefs.