STATE OF NEBRASKA, APPELLEE, v. CALVIN WHITE, APPELLANT.

351 N.W.2d 83

Filed June 29, 1984. No. 83-710.

Dennis R. Keefe, Lancaster County Public Defender, and Gerald L. Soucie, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Following a trial by jury, Calvin White, the defendant, was convicted of manslaughter and sentenced to 10 years in prison. He assigns as the only error that the trial court failed to instruct the jury that it could further find the defendant guilty of the lesser-included offenses of child abuse or third degree assault. This court does not agree, and we affirm.

This was a criminal prosecution where the defendant was charged with first degree murder, in violation of Neb. Rev. Stat. § 28-303 (Reissue 1979). The trial court instructed the jury that it could find the defendant guilty of first degree murder, guilty of second degree murder, guilty of manslaughter, or not guilty.

The unlawful act which was a necessary element to support a manslaughter conviction was specified to be child abuse, in violation of Neb. Rev. Stat. § 28-707 (Cum. Supp. 1982), or third degree assault, in violation of Neb. Rev. Stat. § 28-310 (Reissue 1979). After the defense requested the jury be instructed for the additional lesser-included offenses of child abuse and third degree assault, the request was denied by the trial court, and the jury returned a verdict of guilty of manslaughter.

The undisputed evidence revealed the defendant was babysitting his 1-year-old niece, the victim, when she started to cry. The defendant went into her bedroom, closed the door, picked the baby up, and put his hand over her mouth and nose between 30 and 45 seconds until she passed out. He then placed the victim face down on the pillow and covered her up. Some 2 to 3 hours later, when the victim's mother returned home and checked on her, the

mother discovered the victim dead, lying in the same position as the defendant left her.

Testimony from the pathologist who performed the autopsy concluded that the death was caused by asphyxiation. His original diagnosis was that an asphyxial type of death occurred, possibly sudden infant death syndrome, but after receiving more information about the circumstances of the death, the pathologist opined that sudden infant death syndrome was no longer valid.

The test for determining whether a lesser-included offense exists in this jurisdiction is that a lesser-included offense is one which is necessarily established by proof of the greater offense. To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. *State v. Miller*, 215 Neb. 145, 337 N.W.2d 424 (1983); *State v. Ebert*, 212 Neb. 629, 324 N.W.2d 812 (1982); *State v. Lovelace*, 212 Neb. 356, 322 N.W.2d 673 (1982).

We have also held that the determination of whether an offense is a lesser-included offense is controlled by the elements of the crimes as set forth in the statutes and not by the facts presented in the particular case at issue. *State v. Miller, supra*; *State v. Ebert, supra*; *State v. Lovelace, supra*.

A comparison of the statutes pertaining to the crimes involved in the present case is needed. Neb. Rev. Stat. § 28-305 (Reissue 1979) provides in part: "A person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another unintentionally while in the commission of an unlawful act."

Section 28-707 provides in part:

(1) A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be:

(a) Placed in a situation that endangers his or her life or health; or

(b)  Cruelly confined or cruelly punished; or
(c)  Deprived of necessary food, clothing, shelter, or care.

Section 28-310 provides in part: "(1) A person commits the offense of assault in the third degree if he: (a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or (b) Threatens another in a menacing manner."

As this court has said before, the fact that the elements of the lesser-included offense may be present in a case of the greater offense is not sufficient to invoke the lesser-included offense instruction if it is *possible* to commit the greater offense without at the same time committing the lesser offense.

Applying this narrow standard, it is possible to commit manslaughter without committing child abuse or third degree assault. A requirement that a minor child be involved is an essential element of child abuse, but not manslaughter. Also, an essential element of third degree assault is that the offense must be done "intentionally, knowingly, or recklessly," whereas manslaughter does not include such an element, although it is possible.

The trial court was not required to instruct the jury that it could further find the defendant guilty of the lesser-included offenses of child abuse or third degree assault. The judgment of the district court is affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.