STATE OF NEBRASKA, APPELLEE, v. LONNIE R. ARTHALONEY,
APPELLANT.
433 N.W.2d 545

Filed January 6, 1989.   No. 88-645.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On March 14, 1988, defendant was charged by information in Douglas County, Nebraska, with two counts of robbery and two counts of using a firearm in the commission of a felony. The robberies allegedly took place on June 7 and 11, 1986, in Omaha. Defendant pled not guilty on March 24, 1988. On May 20, 1988, defendant filed a motion to dismiss on the grounds that defendant had not been brought to trial within 180 days after the prosecutor had received a certificate from the warden of the Iowa state penitentiary showing defendant was imprisoned there and that detainers from Nebraska were on file there against defendant, and after defendant requested disposition of all untried charges against him, pursuant to the provisions of Neb. Rev. Stat. § 29-3805 (Reissue 1985).

This motion was overruled. The State then dismissed the two charges against defendant for use of a firearm in the

commission of a felony, and defendant waived a jury trial on the two counts of robbery.

A trial was held to the court. At the conclusion of the trial, counsel argued the case. Defendant's counsel concluded his argument by stating,

> If they [the prosecutors] have proven something, it's that Mr. Arthaloney was an accessory and not an aider and an abettor, and I would ask you to find him not guilty of both of these counts of robbery, or, in the alternative, guilty of the lesser offense being an accessory to a felony.

The following colloquy occurred:

> THE COURT: Is the State agreed that being an accessory to a felony is a lesser included offense within the charge of robbery?
>
> MR. YOUNG: Yes, Your Honor.
>
> THE COURT: What's the statute number?
>
> MR. YOUNG: 28-204.

Following this ill-advised advice, the court found that "Mr. Arthaloney is not guilty as to Count I. It is the finding of the Court that the defendant is guilty of being an accessory to the felony of robbery under Count III pursuant to 28-204."

On July 8, 1988, the court sentenced defendant "to be confined in the Nebraska Penal and Correctional Complex for a term of 18 months. This sentence is to be served concurrently with any sentence you are presently serving." Later on the same day, the judgment and sentence were entered on the court's journal with the concluding sentence, "Sentence consecutive to any sentence presently being served." On July 21, 1988, with the defendant present in court, with counsel, the trial court held a conference. The court stated that it had mistakenly said in open court that the sentence was to be concurrent, when in actuality the court intended to make the sentence consecutive, and had so entered the sentencing order in the court's journal.

Defendant timely appealed to this court, assigning as error the actions of the trial court: (1) in not sustaining defendant's motion to dismiss because he was not brought to trial within 180 days under the interstate Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 1985); (2) "in finding the Defendant guilty of being an accessory to a felony under Count III,

Robbery, of the information because being an accessory to a felony is not a lesser-included offense of robbery"; and (3) in changing defendant's sentence from concurrent to consecutive.

After the filing of defendant's brief in this court, the State filed a motion for this court "to enter an order sustaining appellant's Assignment of Error 2 and 3 as set forth in the Brief of the Appellant . . . and remand this case to the District Court for further proceedings."

We grant appellee's motion and dispose of this case as if submitted to the court on defendant's appeal and the State's confession of error.

Neb. Rev. Stat. § 28-324 (Reissue 1985) provides in part:

A person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever.

Neb. Rev. Stat. § 28-204 (Reissue 1985) provides in part:

(1) A person is guilty of being an accessory to felony if with intent to interfere with, hinder, delay, or prevent the discovery, apprehension, prosecution, conviction, or punishment of another for an offense, he:

(a) Harbors or conceals the other; or

(b) Provides or aids in providing a weapon, transportation, disguise, or other means of effecting escape or avoiding discovery or apprehension; or

(c) Conceals or destroys evidence of the crime or tampers with a witness, informant, document, or other source of information, regardless of its admissibility in evidence; or

(d) Warns the other of impending discovery or apprehension other than in connection with an effort to bring another into compliance with the law; or

(e) Volunteers false information to a peace officer; or

(f) By force, intimidation, or deception, obstructs anyone in the performance of any act which might aid in the discovery, detection, apprehension, prosecution, conviction, or punishment of such person.

We held in *State v. White,* 217 Neb. 783, 785-86, 351 N.W.2d 83, 85-86 (1984):

The test for determining whether a lesser-included offense exists in this jurisdiction is that a lesser-included offense is one which is necessarily established by proof of the greater offense. To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. [Citations omitted.]

. . . .

As this court has said before, the fact that the elements of the lesser-included offense may be present in a case of the greater offense is not sufficient to invoke the lesser-included offense instruction if it is *possible* to commit the greater offense without at the same time committing the lesser offense.

(Emphasis in original.) See, also, *State v. Jackson*, 225 Neb. 843, 408 N.W.2d 720 (1987).

The crime of being an accessory to a felony, as defined in § 28-204, is not a lesser-included offense of the crime of robbery. The defendant's second assignment of error is upheld, and the judgment is reversed and the cause remanded with directions to dismiss. It is unnecessary to consider the other errors assigned.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.