STATE OF NEBRASKA, APPELLEE, V. WESLEY S. BAKER, APPELLANT.

435 N.W.2d 202

Filed February 10, 1989.    No. 88-386.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITE, J.

This is an appeal from Douglas County, Nebraska, following a conviction for theft by receiving stolen property. After a jury trial, the defendant was found guilty and sentenced to a term of 18 months' to 3 years' imprisonment.

On July 23, 1987, at approximately 1 a.m., the defendant was seen driving a green model 4440 John Deere tractor with a red cultivator attached in the rural area of Douglas County. Pursuant to a sheriff's directive to conduct a field check of any farm equipment on the road in that area, a sheriff's deputy stopped the defendant. The officer who halted the tractor

recognized the defendant, who, when questioned, told the officer that he was on his way to cultivate a beanfield for Tony Vencil. To explain his presence on the road at 1 o'clock in the morning, the defendant stated he had overslept. The officer did not detain the appellant and contacted a dispatcher, who subsequently contacted Vencil. The dispatcher notified the officer that Vencil did not have anyone cultivating his land at that time.

The officer then began to relocate the tractor and the driver, as he believed the tractor to be stolen. Approximately an hour later, the officer found some tractor tread marks in the road near where he had stopped the defendant, and followed them to a cornfield, where the tractor was found. The engine was still warm. The defendant was later located and charged with theft by receiving stolen property.

The appellant assigns as error the district court's refusal to set aside the verdict, contending that the evidence was insufficient to sustain his conviction as a matter of law. In addition, the appellant maintains that the trial court erred in refusing to give his proposed jury instruction on the lesser-included offense of unauthorized use of a vehicle.

In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict. This court will not set aside a conviction if the verdict is supported by relevant evidence. After a jury has considered all the evidence and convicted the defendant, the jury verdict may not, as a matter of law, be set aside for insufficiency of evidence if the evidence sustains some rational theory of guilt. *State v. Jackson*, 225 Neb. 843, 408 N.W.2d 720 (1987). In this action, the evidence adduced at trial supports the jury's verdict.

The evidence establishes that the appellant was identified as the person in possession of a John Deere model 4440 tractor with a red cultivator attached driving on an unpaved county

road at approximately 1 a.m. on July 23, 1987. The officer who stopped the appellant recognized him at the time of the stop. When questioned regarding his driving a tractor on a deserted road at 1 a.m., the appellant told the officer that he was on his way to cultivate a beanfield for an individual by the name of Tony Vencil. After a report was taken by the officer, identifying the tractor in detail, the appellant headed off in the direction of the Vencil farm, but returned shortly thereafter to say that the cultivator would not fit over a bridge. The officer had a dispatcher contact Vencil, who informed the dispatcher that the appellant was not working for him. After following the tracks the tractor had left on the road, the deputy found the abandoned tractor a short time later. The engine was still warm, apparently from recent use. The identification numbers on the tractor matched those of a tractor sold to Clarence Clover. Clover testified that he knew the defendant but had not given the defendant permission to drive his tractor. This evidence, and the remainder of the evidence contained in the record, when "viewed and construed most favorably to the State," is sufficient to sustain the verdict of guilty returned by the jury.

The appellant next assigns as error the failure of the district court to give a requested jury instruction on a lesser-included offense. The appellant contends that the offense of unauthorized use of a motor vehicle, as defined in Neb. Rev. Stat. § 28-516 (Reissue 1985), is a lesser-included offense of theft by receiving stolen property, as defined in Neb. Rev. Stat. § 28-517 (Reissue 1985). This assertion is without merit.

The appellant urges our repudiation of the rule this court established in *State v. White*, 217 Neb. 783, 351 N.W.2d 83 (1984), regarding the existence of a lesser-included offense. We refuse to do so. In *White*, we stated at 785-86, 351 N.W.2d at 85-86:

> The test for determining whether a lesser-included offense exists in this jurisdiction is that a lesser-included offense is one which is necessarily established by proof of the greater offense. To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. [Citations omitted.]

. . . .

As this court has said before, the fact that the elements of the lesser-included offense may be present in a case of the greater offense is not sufficient to invoke the lesser-included offense instruction if it is *possible* to commit the greater offense without at the same time committing the lesser offense.

(Emphasis in original.) See, also, *State v. Arthaloney*, 230 Neb. 819, 433 N.W.2d 545 (1989).

Section 28-517 provides: "A person commits theft if he receives, retains, or disposes of stolen movable property of another knowing that it has been stolen, or believing that it has been stolen, unless the property is received, retained, or disposed with intention to restore it to the owner."

Section 28-516 provides in pertinent part: "A person commits the offense of unauthorized operation of a propelled vehicle if he intentionally exerts unauthorized control over another's propelled vehicle by operating the same without the owner's consent."

A brief examination of these statutes evidences that unauthorized use of a motor vehicle is not a lesser-included offense of theft by receiving stolen property. It is not "impossible to commit the greater without at the same time having committed the lesser." *State v. White, supra* at 785, 351 N.W.2d at 85. To the contrary, as stated by the district court:

The lesser included offense that you're suggesting that I instruct on requires operation of a motor vehicle where the crime for which he stands charged does not require operation of any motor vehicle. You could commit the crime of theft by receiving stolen property by just having it in your possession, whether it be a wagon or a car or a truck or it could be a necklace. It could be just about any kind of movable property. It doesn't have to be operated.

Therefore, the appellant's second assignment of error is also without merit. The judgment of the district court is affirmed.

AFFIRMED.