STATE OF NEBRASKA, APPELLEE, V. RICHARD J. DONHAUSER, APPELLANT.

435 N.W.2d 186

Filed February 10, 1989.   No. 88-067.

John R. Brogan for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

WHITE, J.

The defendant, Richard J. Donhauser, appeals from a conviction in the district court for York County. Defendant was charged with two counts of assault on an officer; one count of assault, third degree; and one count of resisting arrest. A jury found the defendant guilty on all four counts. Defendant was sentenced to 1 year on each count, to be served concurrently.

On October 25, 1986, sometime between 7:30 and 9:30 p.m., the defendant went to the lounge at the Camelot Inn in York, Nebraska, after spending the earlier part of the day drinking at a friend's house and at a couple of bars in the area. By the time the defendant had arrived at the Camelot Inn, he had consumed approximately 4 beers and 25 mixed drinks. While at the inn, the defendant had four or five more drinks. The Nebraska National Guard was holding a convention at the Camelot Inn that same weekend, and several members were relaxing in the lounge. Apparently with no provocation, the defendant shoved Gary Ramsay, a guardsman, and knocked him down to the floor. Another guardsman, Mark Felker, bent over to help Ramsay up. As Felker was helping Ramsay, the defendant hit Felker in the face with his fist, knocking him on the ground senseless, breaking his glasses, chipping a tooth, and giving him a bloody nose, bloody lip, and black eye. Another patron of the inn restrained the defendant, and the police were summoned.

Deputies Hansen and Rogers of the York County Sheriff's

Department responded to the call. Upon arrival at the inn, Deputy Hansen approached the defendant, put his hands up, and told the defendant to calm down so that he could talk to him. The defendant stated that he was not "going to fucking jail" and hit Deputy Hansen in the face with his fist. Deputy Hansen then jabbed the defendant with his nightstick to subdue him. Despite being jabbed in the stomach with the nightstick, the defendant resisted handcuffing, and both deputies had to restrain and handcuff the defendant. After being handcuffed, the defendant was advised that he was under arrest for striking a police officer.

The deputies were forced to carry the defendant to the police cruiser because he refused to walk to the car. Once at the cruiser, the defendant refused to get into the car, by forcing his body between the car door and the frame around the windshield and by refusing to bend over. When the defendant was placed in the back seat of the cruiser, he continued to resist arrest by kicking at the deputies and placing his feet against the back door to prevent the door from being closed. Deputy Rogers transported the defendant to jail. En route to jail from the inn, the defendant threw his legs over the front seat and proceeded to repeatedly kick Deputy Rogers in the head, shoulders, and back of his arm with defendant's cowboy boots. The blows inflicted by the defendant on Deputy Rogers left several painful red marks on the deputy's head, shoulders, and arm. The defendant persisted in resisting arrest after arriving at the sheriff's department by kicking at the officers, refusing to walk, and yelling obscenities.

During the trial, the State called Lewis R. Edwards, Jr., to testify about a fight between himself and the defendant which took place at the Village Inn at York one evening in June 1986, approximately 4 months prior to the incident which led to the filing of the charges in the case at bar. Defendant's counsel's objection on the grounds that Lewis' testimony was not proper rebuttal was overruled.

At the instruction conference, the defendant's counsel offered proposed jury instructions Nos. 8, 9, 10, and 11, which would have instructed the jury on both count I and count II that it could find the defendant (1) guilty of assault on an officer,

third degree; (2) guilty of resisting arrest; (3) guilty of obstructing a peace officer; or (4) not guilty. The court refused to give the defendant's proposed jury instructions on the grounds that obstruction of a police officer and resisting arrest are not lesser-included offenses of assault on an officer, third degree. Defendant's counsel also submitted a proposed instruction on the defense of intoxication. The court refused defendant's request and gave the standard intoxication defense instruction as contained in NJI 14.31.

The defendant assigns four errors, which can be consolidated into three. He alleges that the district court erred in (1) allowing the State to offer the testimony of Lewis regarding the fight between the witness and the defendant; (2) refusing to give defendant's proposed jury instructions Nos. 8, 9, 10, and 11 on lesser-included offenses; and (3) refusing to give defendant's proposed jury instruction on the defense of intoxication.

Addressing the first assignment of error, the defendant's defense was that he lacked the requisite intent. In support of this theory, the defendant produced testimony that he was too intoxicated to be able to form the requisite intent and that he had a character for peacefulness. The State offered Lewis' testimony to rebut this evidence by showing that the defendant had been involved in other assaults while drinking, thus demonstrating that defendant did have the requisite intent. The trial court allowed the testimony over defendant's objection, finding that Lewis' testimony was "offered . . . to rebut the opinion that the defendant lacked the ability to form the necessary intent and evidence of other acts, similar acts is admissible to prove that element of the case."

Neb. Rev. Stat. § 27-404(2) (Reissue 1985) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, *intent*, preparation, plan, knowledge, identity, or absence of mistake or accident.

(Emphasis supplied.)

It is well established that the foregoing statute is an

> inclusionary rule permitting the use of relevant evidence of other crimes, wrongs, or acts for purposes other than to prove the character of a person in order to show that such person acted in conformity with that character. Thus, § 27-404(2) permits evidence of other crimes, wrongs, or acts if such is relevant for a purpose other than to show defendant's propensity or disposition to commit the crime charged.

*State v. Rincker*, 228 Neb. 522, 529, 423 N.W.2d 434, 439 (1988). Other acts may be used as relevant evidence to counter a defendant's contention that at the time of the offense his action lacked the requisite criminal intent due to intoxication. *State v. Stewart*, 219 Neb. 347, 363 N.W.2d 368 (1985). The scope of testimony relating to other acts and offenses by the defendant is a matter to be determined in the discretion of the trial court. *State v. Casados*, 201 Neb. 726, 271 N.W.2d 849 (1978). As this testimony was plainly offered for the purpose of showing intent under § 27-404(2), it was proper, and the trial court did not abuse its discretion in admitting the testimony.

Defendant's second assignment of error involves the doctrine of lesser-included offenses.

> To be a lesser-included offense, the elements of the lesser offense must be such that it is impossible to commit the greater without at the same time having committed the lesser. . . .
>   . . . [T]he determination of whether an offense is a lesser-included offense is controlled by the elements of the crimes as set forth in the statutes and not by the facts presented in the particular case at issue.

*State v. White*, 217 Neb. 783, 785, 351 N.W.2d 83, 85 (1984). Assault on an officer in the third degree, obstructing a peace officer, and resisting arrest are defined by Neb. Rev. Stat. §§ 28-931, 28-906, and 28-904 (Reissue 1985), respectively. The statutes in pertinent part provide as follows.

Section 28-931 provides: "A person commits the offense of assault on an officer in the third degree if he or she *intentionally, knowingly, or recklessly* causes bodily injury to a peace officer . . . while such officer . . . is engaged in the performance of his or her official duties." (Emphasis supplied.)

Section 28-906 states:

> A person commits the offense of obstructing a peace officer, when, by using or threatening to use violence, force, physical interference, or obstacle, he *intentionally* obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer . . . acting under color of his official authority.

(Emphasis supplied.)

Section 28-904 provides: "A person commits the offense of resisting arrest if, while *intentionally* preventing or attempting to prevent a peace officer, acting under color of his or her official authority, from effecting an arrest of the actor or another . . . ." (Emphasis supplied.)

Obstructing a peace officer and resisting arrest are not lesser-included offenses of assault on an officer in the third degree. Third degree assault on an officer can be committed "knowingly, or recklessly," while obstructing a peace officer and resisting arrest may only be committed "intentionally." Further, it is quite possible that a person may commit third degree assault on an officer without violating § 28-906, which requires a person to obstruct, impair, or hinder the enforcement of the law. In addition, a person may also commit third degree assault on an officer without violating § 28-904, which requires a person to prevent the effecting of an arrest.

> As this court has said before, the fact that the elements of the lesser-included offense may be present in a case of the greater offense is not sufficient to invoke the lesser-included offense instruction if it is *possible* to commit the greater offense without at the same time committing the lesser offense.

*State v. White, supra* at 786, 351 N.W.2d at 86. Therefore, since the defendant could have committed the greater offense of third degree assault on an officer without having committed either obstructing a peace officer or resisting arrest, the trial court was correct in not allowing the defendant's proposed jury instructions Nos. 8, 9, 10, and 11 on lesser-included offenses.

The final assignment of error is also without merit. "[T]he trial court retains discretion in the wording of jury instructions." *State v. Reeves*, 216 Neb. 206, 218, 344 N.W.2d

433, 442 (1984). " ' " ' "All the instructions must be read together and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error." ' " ' " *State v. Rincker*, 228 Neb. 522, 533, 423 N.W.2d 434, 442 (1988). It is clear that NJI 14.31 correctly states the law on the issue of intoxication as a defense. An examination of the instructions given to the jury which are contained in the record reveals no prejudicial error, since all the instructions read together and taken as whole correctly state the law, are not misleading, and adequately cover the issues. The trial court was correct in rejecting defendant's proposed instruction on intoxication and, instead, giving NJI 14.31.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.