STATE OF NEBRASKA, APPELLEE, V. PATRICK B. CLARK, ALSO KNOWN AS THE BEAST, APPELLANT.

605 N.W.2d 145

Filed January 11, 2000.   No. A-99-282.

Gregory M. Schatz for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Patrick B. Clark appeals from his conviction and sentence for third degree assault on a police officer and being a habitual criminal. On appeal, Clark has challenged the trial court's ruling on a motion to suppress, a motion to amend the information, and his objection to certain testimony at trial. He also alleges that the court failed to instruct on an alleged lesser-included offense and that he received ineffective assistance of counsel. For the reasons stated herein, we find Clark's assigned errors to be without merit, and we affirm the conviction.

## II. BACKGROUND

On December 11, 1997, Clark was charged by information with third degree assault on a police officer and being a felon in possession of a deadly weapon. The events upon which this case is based occurred on November 19, 1997.

According to the record, on November 19, 1997, Officer Stephen Martinez arrested two individuals for shoplifting at a grocery store in Omaha. In exchange for dropping false information charges against one of the shoplifters, Martinez received information about alleged drug activity in the Southside Terrace public housing complex in Omaha. The shoplifter pointed out a specific unit in the housing complex and informed Martinez that two individuals referred to as "Ray-Ray" and "Yellow" were selling drugs out of the unit.

Martinez returned to the specific unit pointed out to him by the shoplifter and proceeded to remove trash bags from in front of the unit to look for items of venue or evidence of drug activity. As Martinez was walking away from the unit, he observed

two individuals leaving the unit. Martinez observed the individuals appear to become startled, then they ducked down and proceeded to run around the side of a building and watch a police cruiser pass by slowly on the street. After the cruiser passed by, the two individuals walked quickly away from the area.

As the two individuals walked away, Martinez approached them, instructed them to stop, and identified himself as a police officer. The individuals began to run from Martinez. Martinez engaged in foot pursuit of the two individuals. One of the individuals stopped running from Martinez after approximately 10 feet, while the second individual continued to run. Martinez identified Clark as the second individual.

Martinez testified that as Clark continued to run from him, Martinez observed Clark make a throwing motion with his right arm and throw a dark object the size of a handgun. Martinez testified that he heard the thrown object strike the side of the building and that it made a sound like metal striking brick. Martinez noticed the approximate place the object fell and continued to pursue Clark.

Martinez eventually caught up to Clark and grabbed him from behind. Martinez testified that Clark attempted to strike him with an elbow, but missed. Martinez testified that he and Clark came to be face to face and that Clark struck Martinez twice on the left side of his face. Martinez then struck Clark with his flashlight. Martinez was able to get Clark on the ground and called for backup to help him handcuff Clark. Martinez then returned to the area where he had observed Clark make a throwing motion and found a handgun.

On May 8, 1998, Clark filed a motion to suppress. Clark alleged that Martinez' stop of Clark was made without a warrant and without authority and was without reasonable articulable suspicion to justify a *Terry* stop. See *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). On September 2, the trial court overruled the motion to suppress, finding that there was sufficient evidence to justify an investigatory stop.

The information was amended to include an allegation that Clark was a habitual criminal. At the conclusion of the trial, the jury found Clark guilty of third degree assault on a police officer. The jury found Clark to be not guilty of the charge of being

a felon in possession of a deadly weapon. The court, after an enhancement hearing, found sufficient evidence to find that Clark was a habitual criminal. Clark was sentenced to 10 years' imprisonment. This timely appeal followed. We also note that a previous appeal was filed in this case, *State v. Clark*, case No. A-99-014, which was disposed of without opinion on February 5, 1999, and we take judicial notice of the documents present in the transcript of that appeal as they are necessary to our review in the present appeal.

## III. ASSIGNMENTS OF ERROR

On appeal, Clark has assigned five errors. First, Clark asserts that the trial court erred in overruling his motion to suppress. Second, Clark asserts that the trial court erred in allowing the State to amend the information to include a habitual criminal charge. Third, Clark asserts that the trial court erred in overruling his objection to certain testimony offered by the State. Fourth, Clark asserts that the trial court erred in not instructing on an alleged lesser-included offense to third degree assault of a police officer. Finally, Clark asserts that he received ineffective assistance of counsel at trial.

## IV. ANALYSIS

### 1. MOTION TO SUPPRESS

Clark first asserts that the trial court erred in overruling his motion to suppress. Clark argues on appeal that Martinez did not have sufficient specific articulable facts to justify an investigatory stop of Clark. Additionally, Clark challenges the reliability of the informant who provided the information upon which Martinez was acting when he proceeded to the housing complex on the night in question.

In Clark's motion to suppress, he requested the trial court to "suppress and exclude from use against him any and all evidence obtained" as a result of the stop. It is apparent from our review of the record, and the State does not dispute, that Clark was acquitted of the charge of being a felon in possession of a deadly weapon. As a result, at this point, it is immaterial whether the trial court should have suppressed any evidence concerning the felon in possession of a firearm charge. We are

left then to consider whether the motion to suppress could have secured suppression of any evidence related to the charge that Clark committed a third degree assault upon a police officer.

The motion to suppress challenges only the legality of the stop. Thus, the issue before us is whether the legality of the stop is a factor in the charge of third degree assault upon a police officer. The Supreme Court has previously noted that the legality of an arrest is not an issue in a subsequent prosecution against a defendant for assaulting an officer in the course of resisting that arrest. See *State v. Bear Runner*, 198 Neb. 368, 252 N.W.2d 638 (1977). As noted in *State v. Bear Runner*, our statutes specifically provide that the use of force to resist arrest is not justifiable, regardless of whether the arrest is legal or not. See, also, Neb. Rev. Stat. § 28-1409(2) (Reissue 1995). As such, with regard to the charge of third degree assault upon Martinez, the legality of the initial stop was not an issue, and even if the stop was improper, that fact has no bearing on the assault charge.

Because the legality of the stop was not an issue in the case against Clark for assault, his motion to suppress was inapplicable to the assault charge. For this reason, whether the motion to suppress was properly denied or not is immaterial to Clark's conviction. Even if we were to conclude that the motion to suppress ought to have been sustained, that ruling would not result in suppression of any evidence pertinent to the assault charge or conviction. Because Clark was acquitted of the only charge to which the motion to suppress was applicable, we need not determine the correctness of the trial court's ruling on the motion. The issue is moot, and this assigned error is meritless.

### 2. AMENDED INFORMATION

Clark next asserts that the trial court erred in permitting the State to amend the information. Clark's argument on his claim that the court erred in permitting the State to amend is that adding a habitual criminal charge resulted in a substantial change in the nature or the identity of the offense he was initially charged with and resulted in a crime being charged for which no preliminary hearing was conducted. The Nebraska Supreme Court has specifically held that the addition of a habitual criminal charge does not create a new and separate criminal

offense, but provides merely that repeated criminal behavior aggravates the guilt and justifies greater punishment. See *State v. Oliver*, 230 Neb. 864, 434 N.W.2d 293 (1989), *overruled on other grounds, State v. Louthan*, 257 Neb. 174, 595 N.W.2d 917 (1999). See, also, *State v. Jackson*, 225 Neb. 843, 408 N.W.2d 720 (1987), *overruled on other grounds, State v. Garza*, 236 Neb. 202, 459 N.W.2d 739 (1990).

A ruling on whether to allow a criminal information to be amended is made by the trial court in its discretion. See *State v. Max*, 1 Neb. App. 257, 492 N.W.2d 887 (1992). Therefore, absent an abuse of that discretion, we will affirm the district court's decision to allow amendment of the information. The purpose of an information is to apprise a defendant with reasonable certainty concerning the crime charged so that the accused may prepare a defense to the prosecution and if convicted, may plead the judgment of conviction on the charge as a bar to a later prosecution. See, *State v. Miller*, 5 Neb. App. 635, 562 N.W.2d 851 (1997); *State v. Newman*, 5 Neb. App. 291, 559 N.W.2d 764 (1997). In reviewing the record before us, we do not see an abuse of discretion by the trial court in allowing the addition of a habitual criminal charge. This assigned error is without merit.

### 3. RODERICK JAMES' TESTIMONY

Clark next asserts that the trial court erred in overruling his objection to the testimony of Roderick James, formerly the manager of public housing for the Omaha Housing Authority (OHA), when offered by the State. Clark asserts on appeal that the testimony was not relevant to the charges brought against him and that even if relevant, it should have been prohibited under rule 403 of the Nebraska Evidence Rules. See Neb. Rev. Stat. § 27-403 (Reissue 1995). James' testimony at trial concerned the policy of individuals' being banned and barred from Omaha public housing and the fact that he had specifically communicated to Clark that he was banned from being on OHA property, including Southside Terrace homes where the altercation with Martinez occurred. James testified that Clark had been barred from OHA property since 1995.

Rule 401 of the Nebraska Evidence Rules provides that evidence is relevant if it has any tendency to make the existence of

any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Neb. Rev. Stat. § 27-401 (Reissue 1995). Rule 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Because the exercise of judicial discretion is implicit in rule 401, it is within the discretion of the trial court to determine relevancy and admissibility of evidence under rule 403, and the trial court's decision will not be reversed absent an abuse of that discretion. *State v. Sanchez*, 257 Neb. 291, 597 N.W.2d 361 (1999).

In the present case, James was called as a rebuttal witness by the State. Prior to James' testimony, Clark himself testified in his own defense. In the course of Clark's testimony, he testified that he was banned and barred from OHA property and that he was, in fact, on OHA property at the time he hid from the passing police cruiser. Clark testified that he ran from Martinez because he was banned and barred from OHA property. Clark further testified that he knew it was a criminal offense for him to be on the property of the Southside Terrace homes. It was only after Clark himself testified, repeatedly, that he was banned and barred from the particular property that James testified to this same fact.

We find no reversible error in the court's overruling of Clark's objection to James' testimony. It is apparent that James' testimony was relevant to the question of whether or not Clark did in fact assault Martinez, as Clark himself testified repeatedly that he was concerned about the fact that he was banned and barred from the Southside Terrace homes and knew that he was committing a law violation by being there. Additionally, any error in the admission of the testimony must be considered harmless error in that James' testimony did not add any significant information damaging to Clark that Clark himself had not previously testified to. See, e.g., *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997); *State v. Reichert*, 242 Neb. 33, 492 N.W.2d 874 (1992). This assigned error is without merit.

## 4. LESSER-INCLUDED OFFENSE

Clark next asserts that the trial court erred in not instructing the jury on the alleged lesser-included offense of resisting arrest. Clark asserts that resisting arrest is a lesser-included offense of third degree assault of a police officer.

The law in Nebraska concerning lesser-included offenses has undergone significant changes. See *State v. Al-Zubaidy*, 253 Neb. 357, 570 N.W.2d 713 (1997). The current law in Nebraska concerning lesser-included offenses utilizes a two-part analysis in determining whether a lesser-included offense jury instruction should be given. *State v. Malcom*, 7 Neb. App. 286, 583 N.W.2d 45 (1998). First, the court must determine whether the lesser crime is actually a lesser-included offense of the greater crime, which requires that the statutory elements of the lesser offense must be such that it is impossible to commit the greater offense without at the same time committing the lesser offense. *Id.* Second, the court must determine whether the evidence presented at trial provides a rational basis for the jury to return an acquittal on the greater offense, but a conviction on the lesser offense. *Id.*

In *State v. Donhauser*, 231 Neb. 114, 435 N.W.2d 186 (1989), the Supreme Court, in considering the statutory elements of third degree assault on a police officer and resisting arrest, specifically found that the statutory elements of the two crimes were such that it is not impossible to commit the greater offense of third degree assault on a police officer without at the same time committing the lesser offense of resisting arrest. Third degree assault on a police officer is committed if a person intentionally, knowingly, or recklessly causes bodily injury to a peace officer while such officer is engaged in the performance of his or her official duties. Neb. Rev. Stat. § 28-931 (Reissue 1995). Resisting arrest is committed if a person, while intentionally preventing or attempting to prevent a peace officer, acting under color of official authority, from effecting an arrest of the actor or another, uses or threatens physical force or violence against the peace officer, uses any other means which creates a substantial risk of causing physical injury to the peace officer or another, or employs means requiring substantial force to overcome resistance to effecting the arrest. Neb. Rev. Stat. § 28-904 (Reissue

1995). Third degree assault on a police officer can be committed knowingly or recklessly, as well as intentionally, while resisting arrest may only be committed intentionally. See *State v. Donhauser, supra.*

Therefore, because Clark could have committed the greater offense of third degree assault on a police officer without having committed the lesser offense of resisting arrest, the trial court did not commit error in failing to give a lesser-included offense jury instruction. This assigned error is without merit.

## 5. EFFECTIVENESS OF COUNSEL

Finally, Clark asserts on appeal that his trial counsel was ineffective. Clark specifically asserts that his trial counsel was ineffective for failing to challenge the State's request to amend the information, for failing to object to the introduction of a photograph of Martinez' bruised cheek from where Clark allegedly struck Martinez, for failing to move to strike the testimony of James, and for failing to seek a lesser-included offense instruction.

■ To sustain a claim of ineffective assistance of counsel, the defendant must show both that the performance of his counsel was deficient and that such performance prejudiced the defendant. *State v. Dreimanis*, 8 Neb. App. 362, 593 N.W.2d 750 (1999). To satisfy the prejudice prong of the ineffective assistance of counsel test, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* Where a claim of ineffective assistance of counsel has not been raised or ruled on at the trial court level and the matter necessitates an evidentiary hearing, an appellate court will not address the matter on appeal. *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998).

As previously noted in this opinion, there was no reversible error committed by the trial court regarding the amendment to the information, the testimony of James, or the failure to give a lesser-included offense instruction. Because there was no error committed in these regards, Clark has failed to show that he was prejudiced by any deficiencies in his counsel's performance. Where a defendant is unable to demonstrate sufficient prejudice,

no examination of whether counsel's performance was deficient is necessary. *State v. Becerra, supra.* As such, we need not make a finding as to whether Clark's counsel's performance was, in fact, deficient regarding these specific allegations.

The only other specific allegation of deficiency by Clark is that his counsel was deficient in failing to object to the introduction of a photograph of Martinez. Our review of the record reveals that Clark's counsel did, in fact, object to the introduction of the photograph initially. In fact, Clark's counsel made an objection on the basis of insufficient foundation, and the court sustained that objection. The State then proceeded to establish foundation and reoffered the exhibit. Clark's counsel again objected on the basis of foundation, which objection the court overruled.

In Clark's brief on appeal, he asserts that the exhibit should have been excluded because it was not disclosed to the defense prior to trial, as required by Neb. Rev. Stat. §§ 29-1912 and 29-1919 (Reissue 1995). The record before us is insufficient for us to determine whether any proper request was made by Clark to have the State disclose exhibits, whether the court granted or denied any such request, and whether any such order, if granted, was violated. As noted above, an appellate court will not address the merits of an allegation of ineffective assistance of counsel if the record presented on appeal is inadequate for such a review. *State v. Becerra, supra.* It appears that an evidentiary hearing would be necessary to determine the potential merits of this specific allegation of ineffective assistance of counsel.

With respect to the allegations that Clark's trial counsel was ineffective for failing to challenge the State's request to amend the information, for failing to move to strike the testimony of James, and for failing to request a lesser-included offense instruction, Clark has failed to demonstrate sufficient prejudice. We specifically make no finding regarding whether counsel's performance was, in fact, deficient in any of these specific instances. With respect to the allegation that Clark's trial counsel was ineffective for failing to object to the introduction of a photograph of Martinez on the basis of the State's failure to disclose the exhibit prior to trial, we are without sufficient record to make a determination.

## V. CONCLUSION

We find the issue of whether the trial court erred in overruling Clark's motion to suppress to be immaterial to the charge for which Clark was convicted. We find no reversible error by the trial court concerning the court's ruling allowing the State to amend the information, ruling allowing the testimony of James, and not giving a lesser-included offense instruction. Clark has failed to sustain his burden on appeal to demonstrate ineffective assistance of counsel. For these reasons, Clark's conviction is affirmed.

AFFIRMED.