STATE OF NEBRASKA, APPELLEE, V.
BILLY RAY BILLUPS, APPELLANT.
632 N.W. 2d 375

Filed August 7, 2001. No. A-99-1315.

Michael J. Hansen for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, INBODY, and MOORE, Judges.

INBODY, Judge.

## I. INTRODUCTION

Billy Ray Billups appeals the Lancaster County District Court's denial of his motion for postconviction relief without an evidentiary hearing. For the reasons set forth herein, we affirm.

## II. STATEMENT OF FACTS

On March 1, 1999, Billups filed a motion for postconviction relief alleging that he was denied his constitutional rights during

his jury trial where he was convicted of conspiracy to commit first degree murder and was found to be a habitual criminal. Specifically, Billups alleges, inter alia, that the State engaged in prosecutorial misconduct when the State disclosed to the jury that Billups was a habitual criminal; that he received ineffective assistance of trial counsel when his counsel failed to object, move for a mistrial, or ask the court to admonish the jury when the State disclosed to the jury that Billups was charged as a habitual criminal; and that he received ineffective assistance of appellate counsel because his appellate counsel failed to raise on direct appeal the issue of the State's alleged prosecutorial misconduct. In a supplemental motion for postconviction relief filed on October 14, Billups alleged that he received ineffective assistance of trial counsel because his trial counsel failed to call potential witnesses at trial. In both motions, Billups requested a hearing on his allegations.

The State filed a motion to deny an evidentiary hearing, and a hearing·on this motion was held on October 14, 1999. The bill of exceptions, including the exhibits from Billups' trial, was offered and received into evidence, and the court took judicial notice of the trial court's files and records. At the close of the hearing, the court ruled that the State's motion to deny the evidentiary hearing was granted, and Billups' motion for postconviction relief and supplemental motion for postconviction were overruled. Billups' notice of appeal and poverty affidavit were filed on November 10. The order of the district court was filed on November 23.

### III. ASSIGNMENT OF ERROR

On appeal, Billups contends that the district court erred in dismissing his motion for postconviction relief without an evidentiary hearing.

### IV. STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000). An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show

that the defendant is entitled to no relief. *State v. Smith*, 256 Neb. 705, 592 N.W.2d 143 (1999); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

 Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). Regarding questions of law, an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *State v. Reeves, supra.*

## V. ANALYSIS

### 1. APPELLATE JURISDICTION

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *State v. Johnson*, 259 Neb. 942, 613 N.W.2d 459 (2000). The jurisdictional issue posed in this case is whether a notice of appeal and poverty affidavit filed prior to the entry of the district court's final order is sufficient to perfect an appeal therefrom.

 A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *King v. State*, 260 Neb. 14, 614 N.W.2d 341 (2000); *State v. Johnson, supra.*

 " 'The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal.' " *State v. Parmar*, 255 Neb. 356, 359, 586 N.W.2d 279, 282 (1998) (quoting *Barney v. Platte Valley Public Power and Irrigation District*, 144 Neb. 230, 13 N.W.2d 120 (1944)).

In *State v. Parmar, supra*, the Nebraska Supreme Court considered whether a poverty affidavit that predates the trial court's final order is sufficient to perfect an appeal therefrom. The court stated:

This court has long held that "the Legislature intended that the filing of the notice of appeal and the depositing of the docket fee 'in the office of the clerk of the district court' are both mandatory and jurisdictional." [Citations omitted.] The Nebraska Supreme Court has no power to exercise appellate jurisdiction in proceedings to review the judgment of the district court unless the appellant shall

> have filed a notice of appeal and deposited a docket fee in the office of the clerk of the district court within the time fixed and as provided in § 25-1912. [Citations omitted.] When a poverty affidavit is substituted for the docket fee, it must be filed within the time and in the manner required for filing the docket fee.

*State v. Parmar*, 255 Neb. at 360, 586 N.W.2d at 282. The court held that pursuant to Neb. Rev. Stat. § 25-1912 (Reissue 1995) then in effect which stated that the docket fee and, consequently, the poverty affidavit must be deposited in the office of the clerk of the district court "within thirty days after the rendition" of the judgment, decree, or final order, the plain language of § 25-1912 required that the poverty affidavit be filed after the entry of the final order. Consequently, the court held that a poverty affidavit was insufficient to perfect an appeal unless it is filed during the 30-day period following the rendition of judgment.

However, since the time that *State v. Parmar, supra,* was decided, § 25-1912 has been amended. Section 25-1912(2) (Supp. 1999), which was in effect at the time of the appeal and final order at issue in the instant case, sets forth:

> A notice of appeal or docket fee filed or deposited after the announcement of a decision or final order but before the entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry.

Since a poverty affidavit which is substituted for the docket fee must be filed within the time and in the manner required for filing the docket fee and § 25-1912(2), a poverty affidavit filed or deposited after the announcement of a decision or final order but before entry of the judgment, decree, or final order shall be treated as filed or deposited after the entry of the judgment, decree, or final order and on the date of entry of the judgment, decree, or final order. Consequently, Billups' notice of appeal and poverty affidavit which were filed prior to the entry of the district court's final order are treated as if they were filed after the entry of the final order and are sufficient to perfect an appeal therefrom. Having determined that we have jurisdiction over the instant case, we now proceed to consider the merits of Billups' appeal.

## 2. Ineffective Assistance of Counsel

On appeal, Billups claims that the district court erred in dismissing his motion for postconviction relief without an evidentiary hearing based upon claims of ineffective assistance of both trial and appellate counsel. (It is apparent from the record that Billups was represented by different counsel during trial and on direct appeal.)

▮ In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, a convicted defendant has the burden to first show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Silvers*, 260 Neb. 831, 620 N.W.2d 73 (2000); *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000).

### (a) Trial Counsel

Billups contends that his trial counsel was ineffective for (1) failing to object when inadmissible evidence was disclosed by the State in opening statements, (2) failing to request a limiting instruction or move for a mistrial when the court excluded evidence after it had been introduced to the jury, and (3) failing to call potential witnesses.

With regard to Billups' claims that his trial counsel was ineffective for failing to object when inadmissible evidence was disclosed by the State in opening statements and for failing to request a limiting instruction or move for a mistrial after the court excluded evidence after it had been introduced to the jury, the record reflects that Billups had different counsel on his direct appeal from counsel representing him at trial and that these issues were not raised in Billups' direct appeal. Because these issues could have been raised during Billups' direct appeal and were not, these issues are not properly preserved for review in a motion for postconviction relief based upon ineffective assistance of trial counsel.

▮ We next examine Billups' claim that his trial counsel was ineffective for failing to call potential witnesses. The decision to call or not to call a particular witness, made by counsel

as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993); *State v. Evans*, 235 Neb. 575, 456 N.W.2d 739 (1990). Trial counsel is afforded due deference to formulate trial strategy and tactics. *State v. Lindsay, supra*. See, *State v. Navrkal*, 242 Neb. 861, 496 N.W.2d 532 (1993); *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992).

▮ Further, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *State v. Lindsay, supra*; *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144 (1994).

In the instant case, Billups makes conclusory allegations pertaining to his trial counsel's alleged failure to call witnesses. Billups has not made a single specific allegation as to the identity of any witnesses his trial attorney failed to call or what these witnesses' testimony would be, nor did Billups allege how the witnesses' testimony would have been of benefit to the defense. These claims are insufficient to demonstrate either deficiency or prejudice, and consequently, Billups did not meet his burden of alleging sufficient facts regarding his defense counsel's failure to call witnesses and any resulting prejudice to him.

### (b) Appellate Counsel

Billups claims that his appellate counsel was ineffective for failing to raise on direct appeal the issue of the State's alleged prosecutorial misconduct, i.e., identifying Billups as a habitual criminal in front of the jury.

▮ To sustain a claim of ineffective assistance of counsel, the defendant must show both that the performance of his counsel was deficient and that such performance prejudiced the defendant. *State v. Clark*, 8 Neb. App. 936, 605 N.W.2d 145 (2000). To satisfy the prejudice prong of the ineffective assistance of counsel test, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Neb. Rev. Stat. § 29-2221(2) (Reissue 1995) provides, in part:

> When punishment of an accused as an habitual criminal is sought, the facts with reference thereto shall be charged in the indictment or information which contains the charge of the felony upon which the accused is prosecuted, but the fact that the accused is charged with being an habitual criminal shall not be an issue upon the trial of the felony charge and shall not in any manner be disclosed to the jury.

Although the record in the instant case establishes that the State did reference that Billups could have been found to be a "habitual criminal" on at least three occasions during his trial, even if this issue had been raised on direct appeal, Billups cannot show that but for counsel's deficient performance, the result of the proceeding would have been different. Billups testified in his own defense, and the State may properly ask a defendant if he has been convicted of a felony and may ask how many times the defendant has been convicted of a felony.

Further, it is apparent in the instant case that there was substantial evidence supporting Billups' conviction for conspiracy to commit first degree murder including testimony by the police officer "hired" by Billups to commit the murder and audiotapes of Billups' attempting to set up the murder.

> No judgment shall be set aside, new trial granted, or judgment rendered in any criminal case on the grounds of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure if the appellate court, after an examination of the entire cause, considers that no substantial miscarriage of justice has actually occurred.

Neb. Rev. Stat. § 29-2308 (Reissue 1995). After reviewing the record, it is apparent that no substantial miscarriage of justice has occurred in the instant case, and Billups cannot show that but for counsel's deficient performance, the result of his direct appeal would have been different had appellate counsel raised the issue that the State referenced that Billups could have been found to be a habitual criminal on at least three occasions during his trial.

## VI. CONCLUSION

After determining that we have jurisdiction over Billups' appeal of the district court's denial of his motions for postconviction

relief with an evidentiary hearing, we affirm the district court's denial of said motions.

AFFIRMED.