IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. FRAUSTO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

STEPHEN FRAUSTO, APPELLANT.

Filed October 25, 2016.   No. A-15-1095.

Appeal from the District Court for Chase County: DAVID URBOM, Judge. Affirmed.

Tony Brock, of Brock Law Offices, P.C., L.L.O., and Clay Thomas, P.C., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Stephen Frausto appeals from his conviction following a jury trial in the district court for Chase County of three counts of first degree sexual assault of a child and one count of child abuse. On appeal, he asserts that the court abused its discretion by allowing the State to amend by interlineation the dates alleged in count I of the information. Finding no abuse of discretion, we affirm.

BACKGROUND

On March 23, 2015, the State filed an information, charging Frausto in counts I-III with first degree sexual assault of a child in violation of Neb. Rev. Stat. 28-319.01 (Cum. Supp. 2014), all Class IB felonies, and in count IV with child abuse in violation of Neb. Rev. Stat. § 28-707(1)(a), (d), and (e) (Cum. Supp. 2014), a Class IIIA felony. In count I, the State alleged that on or between November 26, 2007 and March 31, 2008, Frausto subjected A.G. to sexual

penetration when A.G., born in May 1997, was under 12 years of age and Frausto was 19 years of age or older. The allegations in count II and count III only differed from those in count I with respect to the date ranges alleged, which were: on or between April 1 and July 31, 2008 and on or between August 1 and September 19, 2008, respectively. In count IV, the State alleged that on or between November 1, 2007 and September 30, 2008, Frausto knowingly and intentionally caused or permitted A.G. to be placed in a situation that endangered her life or physical or mental health; or to be placed in a situation to be sexually exploited by allowing, encouraging, or forcing her to solicit for or engage in debauchery; or to be placed in a situation to be sexually abused.

On July 21, 2015, the district court heard several motions filed by the State, including the State's motion in limine to exclude alibi evidence on the basis that Frausto had failed to serve a notice of intention to rely upon an alibi 30 days prior to trial as required by statute. See Neb. Rev. Stat. § 29-1927 (Reissue 2008). Frausto argued that he ought to be able to raise the fact that he was imprisoned during several of the periods identified in the information. The court granted the State's motion, but it determined that Frausto could testify as to when he was in prison.

A jury trial was held on July 21-23, 2015. On July 21, just before the start of trial, the State made an oral motion to amend the information by interlineation with respect to the date range alleged in count I. Specifically, the State sought to amend count I to state that the sexual penetration occurred between November 26, 2007 and July 31, 2008, rather than between November 26, 2007 and March 31, 2008. Frausto objected and argued, "This is a surprise; we have no notice of this." The district court took the motion under advisement, stating that it would rule on the motion before the presentation of evidence. However, no ruling was made until after the State presented its case and sought to amend the information by interlineation to conform to the evidence.

The State offered testimony from various witnesses, including A.G., her sister and mother, police officers who investigated this case, a forensic interview specialist who interviewed A.G. during the investigation, and a psychologist who had not met A.G. but who testified about the behaviors of sexually abused children with respect to disclosing their abuse. Given the limited nature of Frausto's assignment of error on appeal, we do not set forth a detailed recitation of the evidence, other than to note that the evidence established Frausto sexually penetrated A.G. on at least three separate occasions in 2008 when he was 33 or 34 years old and she was 10 or 11 years old. Specifically, the evidence established that he did so in late April 2008 while A.G.'s mother was away at a church retreat and there was a bomb threat at a local school; in approximately May 2008 around the time when several family birthdays, including A.G.'s, and a graduation were celebrated; and in approximately summer 2008 when A.G.'s mother attended the garage sales held in a particular community. There was also evidence that Frausto sexually penetrated A.G. on numerous other occasions and made her touch him sexually as well. The evidence established that A.G. was born in May 1997 and Frausto was born in July 1974.

After presentation of its evidence, the State renewed its motion to amend the information by interlineation, seeking to amend the date ranges alleged in counts I and II to conform to the evidence at trial. Specifically, the State sought to amend count I to state that the sexual penetration alleged therein occurred between April 1 and April 30, 2008 (corresponding to the evidence about the "bomb report incident") and to amend count II to state that the sexual penetration alleged with respect to that count occurred between May 1 and July 31, 2008 (corresponding to the evidence

about the "graduation incident"). When asked if he had any arguments against the motion, Frausto's attorney stated, "[N]othing further than what I argued to the Court [previously]." The district court granted the State's motion, and the information was amended by interlineation.

Frausto testified on his own behalf. He denied ever sexually penetrating or having any kind of sexual contact with A.G. He testified to being paroled from prison in Texas in November 2007. Frausto began a relationship with A.G.'s mother and lived with A.G.'s family in Nebraska between January and September 2008. He was arrested and jailed in Nebraska at some point in September, apparently for a traffic violation, before being extradited to Texas for a parole violation. He did not testify to having any periods of incarceration during the time he lived with A.G.'s family. Frausto also presented testimony from A.G.'s mother.

The jury found Frausto guilty on all four counts of the amended information. The district court accepted the jury's verdicts and ordered a presentence investigation. Frausto filed a motion for new trial, which was denied by the district court.

The court sentenced Frausto to 25 to 30 years' imprisonment on each count of first degree sexual assault of a child, to be served consecutively, with the first 15 years of each being a mandatory minimum sentence. On the child abuse count, the court sentenced Frausto to 20 to 60 months' imprisonment, to be served concurrently with the sentence imposed on count I. The court gave Frausto credit for 292 days of time served. Frausto subsequently perfected his appeal to this court.

## ASSIGNMENTS OF ERROR

Frausto asserts that the district court abused its discretion in permitting the State to amend by interlineation the dates alleged in count I of the information.

## STANDARD OF REVIEW

A ruling on whether to allow a criminal information to be amended is made by the trial court in its discretion. *State v. Johnson*, 290 Neb. 369, 859 N.W.2d 877 (2015). Therefore, absent an abuse of discretion, we will affirm the trial court's decision to allow amendment of the information. See *State v. Clark*, 8 Neb. App. 936, 605 N .W.2d 145 (2000). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *State v. Braesch*, 292 Neb. 930, 874 N.W.2d 874 (2016).

## ANALYSIS

Frausto asserts that the district court abused its discretion in permitting the State to amend by interlineation the dates alleged in count I of the information. Frausto does not assign error to the amendment of the dates alleged in count II. With respect to count I, the district court granted the State's motion to amend the information to conform to the evidence at trial about the timing of the "bomb report incident." Count I of the information was amended to state that the sexual penetration alleged therein occurred between April 1 and April 30, 2008, rather than between November 26, 2007 and March 31, 2008. Frausto observes that the amendment to count I changed

the time frame for the alleged sexual assault to a range of dates that occurred after those alleged initially in count I. He argues that he could not have anticipated this change and was thus unable to determine whether he would have an alibi for the amended period of time to provide notice of an alibi defense. He acknowledges that due to his failure to provide notice within 30 days of trial he was precluded from asserting an alibi defense. However, he argues that if he had been aware that the assault claimed in count I allegedly occurred after March 31, 2008, he may have been able to provide evidence of an alibi during that time frame and give proper notice of his defense.

Neb. Ct. R. § 6-1115(b) allows for amendment of pleadings to conform to the evidence at trial. The amendment to count I of the information in this case conformed the information to the evidence at trial which showed that one instance of Frausto's sexual penetration of A.G. occurred near the date of a bomb threat at a local school and during a time when A.G.'s mother was away at a church retreat. The evidence established that both the bomb threat and the church retreat occurred in late April 2008; specifically, on April 25 and from April 25-27, respectively.

The exact time when a criminal offense is committed is not an essential element of a crime unless the statute defining the offense makes a date or time an indispensable element of the crime charged. *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015). Other than defining the respective ages of the perpetrator and the victim, § 28-320.01 does not make a date or time an indispensable element of the crime charged. Frausto and A.G.'s ages at the time of the acts of sexual penetration were alleged in the original information. The original information advised Frausto in count I that he needed to defend himself against an allegation that he subjected A.G. to sexual penetration when A.G. was under 12 years of age and when Frausto was 19 years of age or older. The amendment to the information did not alter these essential elements of the crime alleged in count I. Furthermore, count II of the original information alleged an act of sexual penetration occurring between April 1 and July 31, 2008, a period encompassing the amended period alleged for count I (between April 1 and 30, 2008). Thus, the original information also advised Frausto that he needed to defend against an allegation that he subjected A.G. to sexual penetration during April 2008.

Although Frausto was precluded from relying on an alibi defense by his failure to provide notice 30 days prior to trial pursuant to § 29-1927, the district court determined that Frausto could testify as to when he was in prison. Frausto did so, and his testimony does not show that he was imprisoned during April 2008. With respect to the events surrounding the school bomb threat, Frausto testified that he was at work on the day in question and that A.G.'s mother returned early from the church retreat. Other evidence suggested, however, that the assault occurred after Frausto returned from work and that A.G.'s mother did not return early, a version of events which the jury evidently found more credible than that presented by Frausto.

Finally, even if Frausto had some additional evidence or defense he wanted to present, he was not necessarily precluded from doing so. Section 29-1927 provides that the requirement of giving notice of an alibi defense 30 days prior to trial "shall be waived by the presiding judge if necessary in the interests of justice." During the hearing on the State's motion to preclude presentation of an alibi defense, Frausto only argued that he should be permitted to testify about any relevant periods of imprisonment, and, as noted above, he was allowed to present such testimony. At the time the State first sought to amend the information at trial, Frausto only argued

that the proposed amendment was a "surprise," and he did not present any additional or different arguments when the State again sought to amend the information after presentation of the State's evidence. Nowhere in the record or in his brief on appeal does Frausto suggest that he had any alibi or defense other than what he actually presented at trial.

The district court did not abuse its discretion in permitting the State to amend by interlineation the dates alleged in count I of the information. Frausto's assignment of error is without merit.

## CONCLUSION

The district court did not abuse its discretion in permitting the State to amend by interlineation the dates alleged in count I of the information.

AFFIRMED.